# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## OCTOBER TERM, 1921

---

### 12734.   GREEN *v*. THE STATE.

Absence of an official seal did not render inadmissible the certified copy
of the order of the State veterinarian.

Forcible interference with a duly authorized live-stock inspector in the
execution of his duties (Penal Code of 1910, § 583) was sufficiently
shown by the evidence.

DECIDED DECEMBER 14, 1921.   REHEARING DENIED JANUARY 17, 1922

Accusation of misdemeanor; from city court of Thomasville —
Judge W. H. Hammond.   July 9, 1921.

The accusation charged A. B. Green with having forcibly resist-
ed, opposed, prevented, impeded, and interfered with E. J. Norton,
a duly authorized live-stock inspector for Thomas county, Georgia,
in the execution of his duties as such inspector, by standing in
front of a dipping vat with a stick in his hands, forcibly pre-
venting live stock and cattle from entering the vat, and forcibly
preventing the said inspector from marking the cattle with paint as
they were to be dipped.

On the trial the court allowed the State to introduce in evidence,
over the objection of the defendant that it " was not under and
did not bear the seal of any officer or of any branch of the govern-
ment of this State," a paper purporting to be " Special order No.
44 " of the State department of agriculture, signed " Peter F.
Bahnsen, State Veterinarian," and signed also, under the words
" Approved Sept. 24, 1920," " J. J. Brown, Commissioner of Agri-

1

culture," followed by a certificate that "the above Special order No. 44 is a true and correct copy of original as approved by me on Sept. 24th, 1920. [Signed] J. J. Brown, Commissioner of Agriculture." For the purpose of identifying cattle dipped in vats for disinfection and tick eradication, the order, as set out in the record, directs that "the inspector shall mark, or cause to be marked, every animal dipped, at each dipping, with a point [paint?] mark." The admission of this document is complained of in the motion for a new trial.

E. J. Norton, live-stock inspector, testified that he was in charge of the cattle dipping at a named dipping vat in Thomas county on June 21, 1921, the regular dipping day, when A. B. Green, the defendant, brought cows to be dipped. As to what then occurred he testified: "As a part of my duties as live-stock inspector, I had orders to see that the cows were dipped every 14 days, and also to put a paint mark on them so we could tell which cows had been dipped and which had not. . . A. B. Green interfered with the dipping there that day by standing in front of the dipping vat and preventing the cows from going through. A. B. Green brought his cows to said dipping vat and put them in the pen which leads to the shoot and dipping vat. The cows were started through the shoot into the vat. I was standing at the shoot to put the paint marks on said cattle as they entered; one cow had already gone through said shoot and vat and been painted when A. B. Green jumped into said shoot with a stick three or four feet long and beat back his other cows, preventing and interfering with the cows being dipped, stating that he would not allow said cows to be dipped unless they ceased putting the paint marks upon them. Mr. McIntosh, another live-stock inspector, was out at the dipping pen and A. B. Green stated to him that he would not allow said cattle dipped if they put the paint mark upon them, otherwise they would be dipped. Mr. McIntosh told Green it was our duty as live-stock inspectors to put the paint marks upon them as they were dipped. Green still refused to let them be dipped if they put the paint mark upon them, consenting to the dipping without the paint mark; and finally Mr. McIntosh told him he would allow the cows dipped without the paint mark, but would have to report the matter, and Green should not blame him for any trouble he might get into about it. The cows were then dipped without the paint mark. The paint mark which we

put on the cows is put on the hip of the cows, with a brush which makes a mark about two to four inches wide; the said paint mark did not hurt the cattle as bad as the cattle brand did. . . I am a fairly courageous man. I was not scared of Mr. Green then, was never scared of him before nor since then. He did not threaten me at all, neither by words nor by action. He didn't hit or strike me, and made no effort, nor motion, nor threat to do so. He only told me that the paint was not going on his cows, and when Mr. McIntosh told me to let them go through without the paint the cows went on through. . . At the time he told me that the paint was not going on his cows I was over the fence, just on the outside, holding the paint in my hand, and Green was up next to the vat, and his brother and Mr. McRae were back behind the cows. The paint we put on at first did blister some of the cows and take the hair off of some of them." There was evidence in behalf of the defendant, and in his statement at the trial he said that he did not think that the inspectors had any right to take the hair and hide off his cows, and he told them he did not want it done.

It was contended on the part of the accused that the evidence failed to show the use of force by him; and counsel cited; Penal Code (1910), § 583; Ga. L. 1909, p. 131, sec. 6: *Allen* v. *State,* 5 *Ga. App.* 237, and cases there cited.

*D. Roy Hay,* for plaintiff in error.

*H. J. MacIntyre, solicitor,* contra.

PER CURIAM. 1. The admission of the documentary evidence complained of was not error for any reason assigned.

2. The evidence authorized the defendant's conviction, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur. Luke, J., dissents.*

LUKE, J., dissenting. The defendant was indicted for unlawfully resisting, opposing, impeding, and interfering with a livestock inspector while cattle were being dipped; and, in my opinion, the evidence adduced upon the trial was insufficient to authorize a verdict of guilty. I am therefore constrained to dissent from the majority opinion of affirmance.